VICENTE ZAYAS PIZARRO, Appellant, v. REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 903. Submitted November 24, 1933.—Decided April 30, 1934.

*Vicente Zayas Pizarro, in pro. per.,* for appellant.   The registrar appeared by brief.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

The appellant presented to the Registrar of Property of Utuado two certificates of purchase of real property, issued to him by the Collector of Internal Revenue of Adjuntas, at a public auction held on April 18, 1933, against the estate of Pedro A. Puig y Coll, for default in the payment of taxes.

The Registrar of Property of Utuado refused to record said certificates for the reason that the properties still appear to be recorded in the name of the decedent Pedro Antonio Puig, and not in the name of his heirs, stating that there exists no legal presumption whatever that an inheritance has been abandoned or has not been claimed, and that the amount of the taxes in question is for taxes originally owed for the years 1930–31 and 1931–32, as appears in the certificate of purchase. The appellant contends that the respondent has erred in applying literally to this case the provisions of section 20 of the Mortgage Law, and in attributing to that section a wider scope than it really has.

The appellant argues that there is no necessity of first recording the property in the name of the heirs, because the People of Puerto Rico in selling the same, does no more than foreclose a legal mortgage, which according to law is preferred over every other encumbrance and is in a class superior to mortgages voluntarily constituted; and that the same rules ought to be applied in this case as those which make it unnecessary, in accordance with the repeated decisions

of this court, first to record in the names of the heirs in the case of mortgage foreclosures. *Passalacqua* v. *Registrar,* 6 P.R.R. 41; *Zayas* v. *Registrar,* 14 P.R.R. 589; *Orcasitas* v. *Registrar,* 21 P.R.R. 523; *Zayas* v. *Registrar,* 28 P.R.R. 106; *Garcia* v. *Registrar,* 41 P.R.R. 473.

The rule followed by this court is based upon the Royal Order of July 22, 1896, which literally reads as follows:

"In view of a request of the Governor of the Mortgage Bank and the fact that that institution has interpreted the provisions of section 20 of the Mortgage Law as requiring a prior record in favor of the heirs of the debtor in order to record in the name of the purchaser a deed of sale of said properties executed as a result of a summary proceeding or to record an award in favor of the mortgage creditor, which produces in many cases delays in the proceedings and difficulties . . . Considering sections 105 and 133 of the Mortgage Law . . . Considering that the intention of the lawmaker in enacting this section (20) was no other than to hinder the transfer or encumbrance of real property by a person who had no right to do so: —Considering that that intention is not evaded by recording the sale or award of the mortgage property either in favor of the purchaser or of the judgment creditor without a prior record in favor of the heirs of the debtor, since neither the said heirs nor the judge acting on their behalf appear as owners of the property, which in reality they have not acquired, except as successors of the debtor in his obligations in order to fulfill the same, and in this sense, although the mere formality of a prior record is omitted, it cannot be said that there has been any real violation of section 20 of the Law, because the ownership passes directly from the debtor to the purchaser or grantee;—Considering that interpreting the aforesaid section 20 in this sense, the apparent contradiction disappears between its literal text and the provisions of section 105 and 133 of the same law, the great importance of which cannot be overlooked, and the effect of which cannot be limited, since those are the sections which determine the nature of the mortgage and fix the conditions for the mortgage action and contain, in substance, the general spirit which inspires the whole of the Law;—H. M. the Queen Regent, in the name of Her august Son The King Alfonso XIII (*Q. D. G.*), pursuant to the advice of the full Council of State and the recommendations of the Director General, has deemed it advisable to decree that in cases of sale or award of mortgaged real property

by reason of summary proceedings brought by the mortgage creditor against the heirs of the debtor, or a third possessor, prior record in favor of the latter is not necessary in order to record the sale or the evidence of the award.''

A mere reading of the Royal Order is sufficient to show that the same refers to sales or awards ordered in mortgage foreclosures, upon obligations contracted by the owner of the property, and not upon those which have arisen after his death, since, according to that decree, the heirs ''do not appear as owners of the property, which in reality they have not acquired, except as successors of the debtor in his obligations in order to fulfill the same.'' The intention of the lawmaker is not evaded, nor is section 20 of the Mortgage Law infringed for the reasons set forth, although the mere formality of a prior record is omitted, ''because the ownership passes directly from the debtor to the purchaser or grantee.'' The Royal Order cannot refer to mortgages constituted by the will of the heirs or through their failure to pay the taxes upon the real property accrued since the death of the debtor or a third possessor as occurs in the case of legal mortgages.

The taxes which were the basis of the attachment proceeding and which caused the sale of the properties to the appellant were for the years 1930–31 and 1931–32. The owner, Pedro A. Puig y Coll, died on April 1, 1930. The result is that the amount owed to the People of Puerto Rico became owing after his death, and the prior record in favor of the heirs cannot be waived in this case, even assuming that the Royal Order of 1896 would be applicable if the taxes had accrued during the life of Mr. Puig.

The decision appealed from must be affirmed.